UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RA EL BEY                                        CIVIL ACTION NO. 19-cv-0793

VERSUS                                          JUDGE DOUGHTY

ADRIAN PERKINS, ET AL                    MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

A person calling themselves Ra El Bey ("Plaintiff") commenced this action by filing a document titled International Suit Action. The document indicates it is entitled for filing in the International Criminal Court. The filing bears a heading for The Moorish National Republic, Moorish Divine and National Movement of the World. The filing contains legal jargon and gibberish commonly found in filings by adherents to the Moorish, Washitaw, or Sovereign Citizen movements. References are made to the Zodiac Constitution, a Declaration on the Rights of Indigenous Peoples, an executive order, and other random legal sources, both real and imagined.

Plaintiff alleges that he was stopped at a traffic light at the intersection of Olive and Line in Shreveport at 12:45 a.m., listening to music with windows down, when he was stopped by a Shreveport police officer based on a claim of loud music. Plaintiff states, "[M]ind you I don't even have a system in my vehicle." Plaintiff alleges that he pulled over, presented his Moorish American Identification and Right to Travel paperwork to the officer, and he explained to the officer that statutes passed by legislators are repugnant to the Constitution and null and void. Plaintiff apparently took the legal position that he did

not have to register his automobile, and he was apparently jailed under what he calls the corporate construct false entity Lee Antonio Dunlap (which apparently is his actual name).

Plaintiff goes on to complain that members of the city police and officials at the city jail are "attempting to turn my natural flesh and blood into a corporate fiction" and are engaged in "human trafficking of my flesh and blood being in conspiracy against my birthrights." Plaintiff complains that he was "forced into bondage and (to) answer to a slave name" by city officials.

These assertions are all surrounded by claims that Plaintiff is not a US citizen or a ward of any state or union. Plaintiff commands that the International Criminal Court and International Court of Justice view his grievance as a Moorish American National, that the mayor of Shreveport be ordered to pay $25 million in punitive damages, and that the Chief of Police and other police officers be ordered to pay compensatory and punitive damages in various amounts ranging from $1 million to $10 million. The filing is signed with language typical of such submissions, invoking provisions of the UCC and stating, "All rights fully reserved and retained without prejudice/recourse worldwide," which many people falsely believe bestows some extraordinary legal right upon them.

The court has the authority to review complaints and dismiss those that fail to state a claim on which relief may be granted. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018), cert. denied, 139 S. Ct. 1200 (2019). The "Moorish National" arguments that underlie this filing are meritless. Persons charged with crimes or who find themselves in civil legal difficulties sometimes contend that they have special status stemming from their association with a "Moorish" group that somehow exempts them from prosecution

for crimes or liability for debts. One court recently described this as a "uniformly discredited and utterly baseless notion." Hall -El v. Craven, 2012 WL1067627, *7 (M.D. NC 2012). Such persons sometimes claim to belong to the Washitaw Empire. All such arguments, whether Moorish or Washitaw based, have been routinely dismissed as frivolous, fictional, baseless, and even delusional. El-Bey v. City of Charlotte, 2011 WL 4757653, *5-6 (W.D. NC 2011) (collecting cases).

Courts also routinely dismiss sovereign citizen claims in which the claimant asserts that he is not a citizen of the United States. Hill-El v. Johnson, 2018 WL 7324768, *1 (W.D. La. 2018), citing Wirsche v. Bank of Am., NA, 2013 WL 6564657, *2 (S.D. Tex. 2013) ("[t]hese teachings have never worked in a court of law—not a single time."). Some of the same frivolous filers have invoked the UCC, copyrighted their names, and asserted what is sometimes called the "redemptionist" theory in an effort to avoid legal responsibilities or impose illegitimate obligations on other persons. The Fifth Circuit has stated that this theory is "legally unfounded" and warrants dismissal. Mitchell v. Tarrant County Court of Law #1, 2019 WL 2288332 (5th Cir. 2019).

Plaintiff's filing is one more misguided effort by a person to obtain some legal advantage by reciting "magic words" and making unfounded assertions about the law and their legal status. The filing should be dismissed for failure to state a claim on which relief may be granted. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of

his case. Alexander v. Trump, 753 Fed. Appx. at 208, citing Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in report and recommendation satisfied due process).

Dismissals for failure to state a claim on which relief may be granted are ordinarily made with prejudice. In this case, it is possible that Plaintiff could state a lawful claim based on the arrest and other events described in his filing, but none of the legal theories invoked in the current filing state a lawful claim. A dismissal without prejudice in this unusual setting would terminate this frivolous proceeding while not foreclosing Plaintiff from filing a potentially valid claim for violation of 42 USC § 1983 or Louisiana law in an appropriate federal or state court. Plaintiff is warned that he may be subjected to sanctions, including an order that he pay a monetary sanction or the imposition of a ban or limitation on filing in this court, if he continues to abuse the court system by filing frivolous matters.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of July, 2019.

Mark L. Hornsby
U.S. Magistrate Judge